## HENRY J. HERVEY v. JOHN DEVEREUX.

Where A made a general deposit of a sum of money with B, and afterwards brought an action against him to recover the money, to which B pleaded his discharge in bankruptcy: *Held*, that such deposit did not come within the exceptions preventing a discharge, embraced in the 33d section of the Bankrupt Act.

(*Williamson* v. *Dickens*, 5 Ired. 257, cited and approved.)

CIVIL ACTION, begun at Spring Term, 1872, HALIFAX Superior Court, and tried at January (Special) Term, 1874, before *Henry, J.*, upon the following case agreed :

At Spring Term, 1867, of the Superior Court of Halifax county, one Thomas Fitzpatrick was appointed and duly quali-

fied as Clerk and Master of the Court of Equity for said county.

At the date of said appointment the sum of eight hundred and forty-one dollars belonging to the office of said Clerk and Master was in the hands of McMahon & Devereux, a firm of merchants doing business in the town of Halifax, and of which firm the defendant, John Devereux, was a member, John H. McMahon being the other partner. This money had originally been deposited with said firm for safe keeping in their iron safe, by the predecessor in office of the said Fitzpatrick, and the said firm having used said money for the purpose of their business and reported such to the said predecessor, he assented thereto and agreed that they might continue to use such money upon condition that it should be repaid whenever needed. At that time the said firm was in good credit.

Upon a settlement by the said Fitzpatrick with his said predecessor, the said Fitzpatrick refused to receipt for the said money until the said money should be repaid. At said settlement the money was not actually counted out, but upon being assured by one Michael McMahon that all the money was on hand, he receipted to his said predecessor for the same and allowed it to remain in the possession of the said McMahon & Devereux, taking from them the following paper writing:

"Received of T. Fitzpatrick, Clerk and Master in Equity for the county of Halifax, State of North Carolina, eight hundred and forty dollars, being the same received by him of T. N. Hill in the case of *J. W. Tatem* v. *J. H. Everett and Hill and Anthony*, which we are to return upon application.

Halifax, October 25th, 1867.

McMAHON & DEVEREUX."

This was not intended by the said Fitzpatrick to be a loan to the said firm, but the defendant, who was the financial manager of the said firm, regarded the said receipt as giving

him the right to use the said money upon condition of its being returned upon demand.

Part of said sum having been demanded of the said firm by the said Fitzpatrick, for the purpose of being paid over to the persons entitled thereto, three hundred and eighty dollars thereof was paid and delivered to the said Fitzpatrick, who endorsed upon the said receipt the following acknowledgment:

"Received on the within, the sum of three hundred and eighty dollars, and paid to order of the Court, in the case of *Anthony* v. *Hill.*

T. FITZPATRICK, C. M. E.

The remainder of said sum having thereafter been demanded by the said Fitzpatrick, for the purpose of being paid to the persons entitled thereto, and the said McMahon & Devereux having failed to pay and deliver the same in compliance with said demand, suit was brought therefor against the said Fitzpatrick and the sureties to his official bond as Clerk and Master aforesaid, and judgment having been obtained, the plaintiff, one o' said sureties, was compelled to pay and did pay, on the 11th day of December, 1871, in order to make good the remainder of said sum, failed to be paid and delivered by the said McMahon & Devereux as aforesaid, the sum of six hundred and seven dollars. The said Fitzpatrick and the other sureties to his said official bond were at that time, and at the time of said last mentioned demand, insolvent.

This action is brought by the plaintiff to recover of the defendant, the sum paid by him as aforesaid. The defendant admitting his original liability, pleads in bar of the action his discharge in bankruptcy, granted him on the 18th day of May, 1870, under an act of Congress establishing a uniform system of bankruptcy throughout the United States, discharging him from all debts and claims which by said act are made proveable against his estate, and which existed on the 28th day of May, 1869, the date of filing his petition in bankruptcy, excepting

30

such debts, if any, as are by said act excepted from the operation of a discharge in bankruptcy.

The plaintiff never proved, nor attempted to prove his claim in the bankruptcy proceedings of the defendant.

Upon the case agreed his Honor gave judgment against the plaintiff, for costs, from which judgment the plaintiff appealed.

*Moore & Gatliny* and *Conigland,* for appellant.
*Badger, Hill* and *Devereux,* contra.

SETTLE, J. If the facts in this case do not establish a loan of money to Devereux & McMahon, they certainly make a case of a regular deposit, which authorized the firm to mix this money with their other moneys, and use it as their own until applied for by the depositor. It seems to us that the transaction can receive no other reasonable construction.

This money originally came to the hands of Devereux & McMahon, a firm in credit, as a special deposit, to be kept in their iron safe; but they having used, it or reported the fact to Mr. Hill, the depositor, when he assented thereto and agreed that they might continue to use the money, upon condition that it should be repaid whenever needed.

When Fitzpatrick succeeded Hill as Clerk and Master, he did not require his predecessor to collect this money and pay it over to him, nor did he require Devereux & McMahon to count it out, so that he could separate it from their moneys, put it into a package and make a special deposit of it in their iron safe; but he contented himself with the assurance that the money was all on hand, and gave his predecessor a receipt for the same, and took from the firm of Devereux & McMahon the following paper : "Received of T. Fitzpatrick, Clerk and Master in Equity for the county of Halifax, State of North Carolina, eight hundred and fifty-one dollars, being the same received by him of T. N. Hill, in the case of *J. W. Tatem* v. *J. H. Everett and Hill and Anthony,* which we are to return upon application." That Fitzpatrick regarded this transaction

as one authorizing Devereux & McMahon to handle this money and treat it as a general deposit, is established beyond doubt by the fact that when three hundred and eighty dollars of the amount was needed to comply with orders of the Court, Fitzpatrick did not call for his special deposit and take therefrom that sum, but he demanded payment of Devereux & McMahon, and when they did pay out of their general moneys, he made the following endorsement on the paper they had given him, to-wit : " Received on the within, the sum of eighty dollars," &c.   The paper called " the within " was evidently the security to which he then looked, and the idea of a special deposit had not at that time entered his head.   The defendant, admitting his original liability, pleads in bar of this action his discharge in bankruptcy.   To which the plaintiff replies " that no debt created by the fraud or embezzlement of the bankrupt, or by his defalcation as a public officer, or while acting in any fiduciary character, shall be discharged under this act." Section 33, Bankrupt Act.

The Bankrupt Act is a statute of repose, highly remedial in its character, and should be liberally construed.   But if the 33d section be strictly construed and applied in its utmost rigor, it cannot embrace, under any of its heads, the case before us.

The defendant was not a public officer, nor was he acting in a fiduciary character.   *Williamson* v. *Dickens,* 5 Ired. 257; *Cronan* v. *Cotting,* 104 Mass. Rep., 245; *Grover & Baker* v. *Clinton,* 8 Nat. Bank. Reg. 312.

Admitting that the use, by the defendant, of the special deposit made by Hill, would have amounted to fraud or embezzlement within the meaning of the Bankrupt Act, yet that was condoned by Hill, and express permission given by him to the firm, to use the money until demanded.

And as we have already seen such continued to be the contract between Fitzpatrick and the firm of Devereux & McMahon until the defendant became insolvent.

The judgment of the Superior Court is affirmed.

PER CURIAM.                          Judgment affirmed.